## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between MIGUEL SALAS (herein referred to as "SALAS"), together with his heirs, agents, legal representatives, successors, assigns and attorneys; and SOUTH FLORIDA QUALITY WELDING, INC., and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers; and ERWIN H. PEREZ, together with his heirs, agents, legal representatives, successors, assigns and attorneys (SOUTH FLORIDA QUALITY WELDING, INC. and ERWIN H. PEREZ are together referred to herein as "THE SFQW PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

1. **Terms of Payment**. As consideration for the release of any and all claims that SALAS may have against THE SFQW PARTIES as of the date of execution of this AGREEMENT, THE SFQW PARTIES agree to deliver to Zandro E. Palma, P.A., a total sum of Six Thousand and 00/100 Dollars ($6,000.00) in payment. This sum shall be delivered in three payments: a total of Two Thousand and 00/100 Dollars ($2,000.00) on or before April 25, 2016; a total of Two Thousand and 00/100 Dollars ($2,000.00) on or before May 25, 2016; and a total of Two Thousand and 00/100 Dollars ($2,000.00) on or before June 24, 2016.

All payments pursuant to this Paragraph shall be made payable to "Zandro E. Palma, P.A. Trust Account" and shall be held in trust and not disbursed until after the Court has entered an order approving the terms of this settlement agreement and dismissing the case with prejudice pursuant to Paragraph 4, below.

In the event the Court does not approve the terms of this Settlement Agreement and does not dismiss this case after submission pursuant to Paragraph 4, below, as a result of the allocation of the consideration between SALAS and ZANDRO E. PALMA, P.A., the total consideration ($6,000.00) shall remain the same and SALAS and ZANDRO E. PALMA, P.A. shall promptly cooperate and reallocate the consideration due them in a manner that will be approved by the Court. In the event the Court approves new terms after the submission of any payment by the THE SFQW PARTIES pursuant to this Paragraph, any additional remaining payments shall be recalculated to conform with the time schedule listed in this Paragraph and with the Court's requirements.

SALAS agrees to indemnify and hold harmless THE SFQW PARTIES from and against any and all liability that THE SFQW PARTIES may sustain as a result of claims, demands, costs, or judgments relating to these payments. SALAS further represents that she and his legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to SALAS pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, SALAS agrees to indemnify and hold harmless THE

MIGUEL SALAS _MAS_                    SOUTH FLORIDA QUALITY WELDING, INC.____
                                                        ERWIN H. PEREZ____

1

SFQW PARTIES from and against any and all liability that THE SFQW PARTIES may sustain as a result of such claims, liens or subrogated interests.

**PRIOR TO, AND AS CONDITION FOR THE FIRST TIMELY PAYMENT, AS DESCRIBED ABOVE, ZANDRO E. PALMA, P.A. SHALL PROVIDE A COMPLETED FORM W-9 TO THE DEFENDANTS.**

2. **Non-Admission of Liability.** The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act. THE SFQW PARTIES deny any and all liability to SALAS and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by THE SFQW PARTIES.

3. **General Release.** SALAS agrees to fully release THE SFQW PARTIES from any and all claims that LIRA may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which SALAS now owns or holds, and to waive any right to recover in any action which may be brought on his behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Miami-Dade County Wage Payment Ordinances;
- Miami-Dade County Employment Ordinances;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;

MIGUEL SALAS   SOUTH FLORIDA QUALITY WELDING, INC._____
                                   ERWIN H. PEREZ_____

- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to SALAS's employment with THE SFQW S PARTIES

Similarly, THE SFQW PARTIES agree to fully release SALAS from any and all claims that THE SFQW PARTIES may have against SALAS from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which THE SFQW PARTIES now own or hold.

4. **Voluntary Dismissal of Suit**. The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, counsel for the parties shall deliver an order for execution by the Court which dismisses the following action, with prejudice, each party bearing its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *Miguel Salas v. South Florida Quality Welding, Inc.*, S.D. Fla. Case No. 1:15-cv-23275-RNS, with the Court to retain jurisdiction to enforce the terms of the settlement agreement.

5. **Confidentiality**. It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that SALAS shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of SALAS's claim from the time the settlement was agreed upon forward. In the event any other person or entity asks SALAS about the lawsuit or about any of the disputes relating to SALAS's alleged employment with THE SFQW PARTIES, SALAS shall respond only that the matter was amicably resolved and shall provide no further information. Further, SALAS agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information she has obtained from THE SFQW PARTIES.

THE SFQW PARTIES agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that THE SFQW PARTIES and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of SALAS's claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE SFQW PARTIES about the lawsuit or about any of the disputes relating to SALAS's employment with THE SFQW PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude SALAS from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to SALAS's lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon

MIGUEL SALAS *MHS*                     SOUTH FLORIDA QUALITY WELDING, INC. _____
                                                              ERWIN H. PEREZ _____

3

request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, SALAS shall provide notice to THE SFQW PARTIES within three days of such requests, to permit THE SFQW PARTIES to assert what rights are available to them.

**6. Non-Disparagement.** SALAS agrees not to make any disparaging or negative remarks concerning THE SFQW PARTIES or any of its parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE SFQW PARTIES agree not to make any disparaging or negative remarks concerning SALAS.

**7. Neutral Reference.** In the event THE SFQW PARTIES receive a telephonic inquiry concerning SALAS's employment with THE SFQW PARTIES, they shall respond only with a confirmation of SALAS's dates of employment and position held with THE SFQW PARTIES. No other information shall be provided.

**8. No Right of Future Employment.** SALAS agrees that she declines employment and shall not, at any time in the future, seek or accept employment or re-employment with THE SFQW PARTIES, whether as an employee or independent contractor, and that any application made by SALAS may be rejected without liability to THE SFQW PARTIES.

**9. Breach or Violation of Agreement:** It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

In the event of non-payment of any of the payments indicated above, in Paragraph 1, above, SALAS shall notify THE SFQW PARTIES through their counsel, Adi Amit, Esquire, at adi@lubellrosen.com, that payment was due and allow five (5) days, excluding weekends, to cure. If payment is still not made after the cure period, SALAS shall be entitled to a receive a judgment in the amount of $12,000.00 less any payments made, plus reasonable attorney's fees and costs for enforcement and collection.

**10. Application of the laws of the State of Florida.** This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Broward.

MIGUEL SALAS    SOUTH FLORIDA QUALITY WELDING, INC.\_\_\_\_\_
                                                              ERWIN H. PEREZ\_\_\_\_\_

4

11. **Entire Agreement**.  This AGREEMENT represents the entire agreement and understanding between the parties and supersede all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

12. **Construction**.  This AGREEMENT has been jointly negotiated.  The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party.  Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

13. **Enforceability**.  If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law.  Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

14. **Modification**.  This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

15. **Binding Effect**.  All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

16. **Legal Proceedings:**  If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs, in addition to any other relief to which it may be entitled.

17. **Agreement Not to Be Used as Evidence**.  This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

18. **Signatures in Counterparts**.  This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.  However, such counterparts shall together constitute one and the same document.

19. **Spanish Translation:**  By signing this Agreement, SALAS acknowledges that its content was translated to Spanish for him prior to signing.
    **Traduccion al Espanol**:  Por medio de la firma de este trato, SALAS afirma que el contenido de este trato se le a sido interpretado de Ingles a Espanol antes de firmarlo.

MIGUEL SALAS                                    SOUTH FLORIDA QUALITY WELDING, INC._____
                                                                    ERWIN H. PEREZ_____

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

**<u>Plaintiff</u>:**

Date: 03.25-16 _____
                    MIGUEL SALAS

**<u>Defendants</u>:**

Date: _____     _____
                        SOUTH FLORIDA QUALITY WELDING, INC.
                        By:

                        Title:

Date: _____     _____
                        ERWIN H. PEREZ

MIGUEL SALAS _MAS_                    SOUTH FLORIDA QUALITY WELDING, INC. _____
                                                          ERWIN H. PEREZ _____

# SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between MIGUEL SALAS (herein referred to as "SALAS"), together with his heirs, agents, legal representatives, successors, assigns and attorneys; and SOUTH FLORIDA QUALITY WELDING, INC., and its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers; and ERWIN H. PEREZ, together with his heirs, agents, legal representatives, successors, assigns and attorneys (SOUTH FLORIDA QUALITY WELDING, INC. and ERWIN H. PEREZ are together referred to herein as "THE SFQW PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**1. Terms of Payment.** As consideration for the release of any and all claims that SALAS may have against THE SFQW PARTIES as of the date of execution of this AGREEMENT, THE SFQW PARTIES agree to deliver to Zandro E. Palma, P.A., a total sum of Six Thousand and 00/100 Dollars ($6,000.00) in payment. This sum shall be delivered in three payments: a total of Two Thousand and 00/100 Dollars ($2,000.00) on or before April 25, 2016; a total of Two Thousand and 00/100 Dollars ($2,000.00) on or before May 25, 2016; and a total of Two Thousand and 00/100 Dollars ($2,000.00) on or before June 24, 2016.

All payments pursuant to this Paragraph shall be made payable to "Zandro E. Palma, P.A. Trust Account" and shall be held in trust and not disbursed until after the Court has entered an order approving the terms of this settlement agreement and dismissing the case with prejudice pursuant to Paragraph 4, below.

In the event the Court does not approve the terms of this Settlement Agreement and does not dismiss this case after submission pursuant to Paragraph 4, below, as a result of the allocation of the consideration between SALAS and ZANDRO E. PALMA, P.A., the total consideration ($6,000.00) shall remain the same and SALAS and ZANDRO E. PALMA, P.A. shall promptly cooperate and reallocate the consideration due them in a manner that will be approved by the Court. In the event the Court approves new terms after the submission of any payment by the THE SFQW PARTIES pursuant to this Paragraph, any additional remaining payments shall be recalculated to conform with the time schedule listed in this Paragraph and with the Court's requirements.

SALAS agrees to indemnify and hold harmless THE SFQW PARTIES from and against any and all liability that THE SFQW PARTIES may sustain as a result of claims, demands, costs, or judgments relating to these payments. SALAS further represents that she and his legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to SALAS pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, SALAS agrees to indemnify and hold harmless THE

MIGUEL SALAS_____                    SOUTH FLORIDA QUALITY WELDING, INC. _EP_
                                         ERWIN H. PEREZ _EP_

1

SFQW PARTIES from and against any and all liability that THE SFQW PARTIES may sustain as a result of such claims, liens or subrogated interests.

**PRIOR TO, AND AS CONDITION FOR THE FIRST TIMELY PAYMENT, AS DESCRIBED ABOVE, ZANDRO E. PALMA, P.A. SHALL PROVIDE A COMPLETED FORM W-9 TO THE DEFENDANTS.**

2. **Non-Admission of Liability.** The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act. THE SFQW PARTIES deny any and all liability to SALAS and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by THE SFQW PARTIES.

3. **General Release.** SALAS agrees to fully release THE SFQW PARTIES from any and all claims that LIRA may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which SALAS now owns or holds, and to waive any right to recover in any action which may be brought on his behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Miami-Dade County Wage Payment Ordinances;
- Miami-Dade County Employment Ordinances;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;

MIGUEL SALAS_____  SOUTH FLORIDA QUALITY WELDING, INC. 
ERWIN H. PEREZ

2

- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to SALAS's employment with THE SFQW S PARTIES

Similarly, THE SFQW PARTIES agree to fully release SALAS from any and all claims that THE SFQW PARTIES may have against SALAS from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which THE SFQW PARTIES now own or hold.

**4. Voluntary Dismissal of Suit.** The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, counsel for the parties shall deliver an order for execution by the Court which dismisses the following action, with prejudice, each party bearing its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *Miguel Salas v. South Florida Quality Welding, Inc.*, S.D. Fla. Case No. 1:15-cv-23275-RNS, with the Court to retain jurisdiction to enforce the terms of the settlement agreement.

**5. Confidentiality.** It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that SALAS shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of SALAS's claim from the time the settlement was agreed upon forward. In the event any other person or entity asks SALAS about the lawsuit or about any of the disputes relating to SALAS's alleged employment with THE SFQW PARTIES, SALAS shall respond only that the matter was amicably resolved and shall provide no further information. Further, SALAS agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information she has obtained from THE SFQW PARTIES.

THE SFQW PARTIES agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that THE SFQW PARTIES and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of SALAS's claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE SFQW PARTIES about the lawsuit or about any of the disputes relating to SALAS's employment with THE SFQW PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude SALAS from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to SALAS's lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon

MIGUEL SALAS_____                    SOUTH FLORIDA QUALITY WELDING, INC. *EP*
                                       ERWIN H. PEREZ *EP*

3

request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, SALAS shall provide notice to THE SFQW PARTIES within three days of such requests, to permit THE SFQW PARTIES to assert what rights are available to them.

6. **Non-Disparagement**. SALAS agrees not to make any disparaging or negative remarks concerning THE SFQW PARTIES or any of its parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE SFQW PARTIES agree not to make any disparaging or negative remarks concerning SALAS.

7. **Neutral Reference**. In the event THE SFQW PARTIES receive a telephonic inquiry concerning SALAS's employment with THE SFQW PARTIES, they shall respond only with a confirmation of SALAS's dates of employment and position held with THE SFQW PARTIES. No other information shall be provided.

8. **No Right of Future Employment**. SALAS agrees that she declines employment and shall not, at any time in the future, seek or accept employment or re-employment with THE SFQW PARTIES, whether as an employee or independent contractor, and that any application made by SALAS may be rejected without liability to THE SFQW PARTIES.

9. **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

In the event of non-payment of any of the payments indicated above, in Paragraph 1, above, SALAS shall notify THE SFQW PARTIES through their counsel, Adi Amit, Esquire, at adi@lubellrosen.com, that payment was due and allow five (5) days, excluding weekends, to cure. If payment is still not made after the cure period, SALAS shall be entitled to a receive a judgment in the amount of $12,000.00 less any payments made, plus reasonable attorney's fees and costs for enforcement and collection.

10. **Application of the laws of the State of Florida**. This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Broward.

MIGUEL SALAS_____                              SOUTH FLORIDA QUALITY WELDING, INC. *EP*
                                                  ERWIN H. PEREZ *EP*

4

**11. Entire Agreement**. This AGREEMENT represents the entire agreement and understanding between the parties and supersede all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

**12. Construction**. This AGREEMENT has been jointly negotiated. The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

**13. Enforceability**. If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

**14. Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

**15. Binding Effect**. All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

**16. Legal Proceedings:** If any action at law or in equity is brought to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to reasonable attorney's fees and costs, in addition to any other relief to which it may be entitled.

**17. Agreement Not to Be Used as Evidence**. This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

**18. Signatures in Counterparts**. This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document.

**19. Spanish Translation**: By signing this Agreement, SALAS acknowledges that its content was translated to Spanish for him prior to signing.
**Traduccion al Espanol**: Por medio de la firma de este trato, SALAS afirma que el contenido de este trato se le a sido interpretado de Ingles a Espanol antes de firmarlo.

MIGUEL SALAS_____                SOUTH FLORIDA QUALITY WELDING, INC. *EP.*
                                         ERWIN H. PEREZ *EP.*

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

**Plaintiff:**

Date: _____     _____
                          MIGUEL SALAS

**Defendants:**

Date: 3/28/16     _____
                  SOUTH FLORIDA QUALITY WELDING, INC.
                  By: Erwin H. Perez
                  Title: President

Date: 3/28/16     _____
                  ERWIN H. PEREZ

MIGUEL SALAS_____                    SOUTH FLORIDA QUALITY WELDING, INC. _EP_
                                                          ERWIN H. PEREZ _EP_

6